UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

**Stonecrest Managers, Inc.,**
        **Plaintiff,**

v.                                            CIVIL ACTION NO.

**Lisa K. Schreffler and
Citigroup, Inc., as successor-in-interest to
Argent Mortgage Company, LLC**
        **Defendants.**
_____X

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Stonecrest Managers, Inc. ("Stonecrest"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby files this Complaint seeking a Judgment quieting title to the property located at 25 Lemire Court, Bellingham, MA (the "Property") through an equitable order assigning the Mortgage recorded with the Norfolk County Registry of Deeds ("Registry of Deeds") in Book 24654, Page 188 ("Mortgage") from Argent Mortgage Company, LLC ("Argent") to the Plaintiff, by alleging the following:

### PARTIES

1. Stonecrest is a foreign corporation organized and existing under the laws of the State of California with its principal place of business located at 4300 Stevens Creek Boulevard, Suite 275, San Jose, CA 95129.

2. Lisa K. Schreffler ("Schreffler") is an individual who, upon information and belief, resides at the Property.

3. Citigroup, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 388 Greenwich Street, New York, NY 10013.

Stonecrest Managers, Inc. v. Lisa K. Schreffler, et al.
25 Lemire Court, Bellingham, MA
DG&L File No. 56694                                        1

**JURISDICTION**

4. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan, currently owned by Stonecrest, in which the Defendant, Schreffler, is the obligor/mortgagor and the total debt owed under the terms of the Note and Mortgage, is in excess of $899,756.52, exclusive of interest, advances, and attorney fees and costs associated with the instant action and foreclosure; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

6. In determining the amount in controversy in actions seeking declaratory relief regarding a mortgagee's right to foreclosure, the First Circuit has also expressed a preference for the "face-value-of-the-loan rule."[1]

7. Here, the face value of the subject Note and Mortgage is $380,000.00.[2]

---

[1] *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012).
[2] *See* Exhibits A and B (true and correct copies of the Note and Mortgage are attached hereto and incorporated herein).

## VENUE

8. Venue is properly exercised pursuant to 28 U.S.C. § 1931(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Massachusetts and the Property is located in Massachusetts.

## FACTUAL ALLEGATIONS

9. On March 23, 2007, Schreffler executed and delivered a executed and delivered a Reduced Payment Adjustable Rate Note ("Note") to Argent in the amount of $380,000.00.[3]

10. Stonecrest is the true and lawful holder/owner of the Note, which is endorsed in blank.[4]

11. To secure the loan obligation, Schreffler gave a mortgage on the Property to Argent, dated March 23, 2007, and recorded with the Registry of Deeds in Book 24654, Page 188 ("Mortgage").[5]

12. Citigroup purchased Argent on August 31, 2007.[6]

13. The terms of the subject mortgage loan were modified by virtue of a Loan Modification Agreement effective as of July 31, 2008, which was recorded with the Registry of Deeds in Book 26076, Page 21.[7]

14. Schreffler defaulted under the terms of the subject Mortgage Loan as a result of her failure to make the September 1, 2008, payment and all subsequent payments due thereunder.

15. On March 29, 2007, Argent executed an Assignment of the Mortgage ("First

---

[3] *See* Exhibit A.
[4] *See* Exhibit A.
[5] *See* Exhibit B.
[6] *See Wells Fargo Bank, N.A. v. Farmer*, 867 N.Y.S.2d 21, 2008 WL 2309006, at *3-4 (N.Y.Sup.Ct. June 5, 2008)(unpublished).
[7] *See* Exhibit C (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

Assignment"), which is not recorded and did not identify the assignee therein.[8]

16. On July 16, 2014, the Central Division of the Housing Court f/k/a Worcester Division of the Housing Court ("Housing Court") entered a judgment in the post-foreclosure summary process action described below, in which the Court found that the First Assignment was "never completed, delivered, or recorded, and that it has no legal effect."[9]

17. On May 28, 2009, American Home Mortgage Servicing, Inc., as servicer for Argent executed an Assignment of Mortgage purporting to affect a transfer the Mortgage to CitiGroup Global Markets Realty Corp., which was recorded with the Norfolk County Registry of Deeds in Book 26727, Page 129 ("Second Assignment").[10]

18. In its Decision and Order, the Housing Court also determined that the Second Assignment is of no legal effect.[11]

19. On September 2, 2010, Citi Residential Lending Inc., as attorney in fact for Argent, executed a Confirmatory Assignment of Mortgage purporting to affect a transfer of the Mortgage to Citigroup Global Markets Realty Corp., which was recorded with the Registry of Deeds in Book 28023, Page 70 ("Third Assignment").[12]

20. In its Decision and Order, the Housing Court also determined that the Third Assignment is of no legal effect.[13]

21. On May 24, 2011, Citigroup Global Markets Realty Corp., executed an Assignment of

---

[8] See *Greenwich Investors v. Lisa K. Schreffler*, Summ. Proc. No. 14-SP-0835, Decision and Order 5 (Centr.Hous.Ct. July 16, 2014); *see also* Exhibit D (a true and correct copy of the Decision and Order describing the First Assignment is attached hereto and incorporated herein).
[9] See *Schreffler*, Decision and Order at 5 (citing *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 53 (2011)).
[10] See Exhibit E (a true and correct copy of the Second Assignment is attached hereto and incorporated herein).
[11] See *Schreffler*, Decision and Order at 5.
[12] See Exhibit F (a true and correct copy of the Third Assignment is attached hereto and incorporated herein).
[13] See *Schreffler*, Decision and Order at 9.

Mortgage purporting to affect a transfer of the Mortgage to Wilmington Trust Company, Not In Its Individual Capacity, but Solely as Trustee Under Greenwich Investors XXXIV Pass-Through Trust Agreement Dated as of October 25, 2010, which was recorded with the Registry of Deeds in Book 28827, Page 505 ("Fourth Assignment").[14]

22. In its Decision and Order, the Housing Court also implied that the Fourth Assignment is of no legal effect as it is necessarily dependent upon the validity of the Third Assignment.[15]

23. On September 8, 2011, Wilmington Trust Company, Not In Its Individual Capacity, but Solely as Trustee Under Greenwich Investors XXXIV Pass-Through Trust Agreement Dated as of October 25, 2010 executed an Assignment of Mortgage purporting to affect a transfer of the Mortgage to Greenwich Investors XXXIV REO, LLC, which was recorded with the Registry of Deeds in Book 29108, Page 366 ("Fifth Assignment").[16]

24. In its Decision and Order, the Housing Court also implied that the Fifth Assignment is of no legal effect as it is necessarily dependent upon the validity of the Third and Fourth Assignments.[17]

25. On January 18, 2013, Greenwich Investors XXXIV REO, LLC executed an Assignment of Mortgage purporting to affect a transfer of the Mortgage to Goshen Mortgage LLC, which was never delivered or recorded ("Sixth Assignment").[18]

26. In its Decision and Order, the Housing Court also determined that the Sixth Assignment

---

[14] *See* Exhibit G (a true and correct copy of the Fourth Assignment is attached hereto and incorporated herein).
[15] *See Schreffler*, Decision and Order at 5, 9, 10 (rejecting the plaintiff's arguments as to the validity of the Third and Fourth Assignment).
[16] *See* Exhibit H (a true and correct copy of the Fifth Assignment is attached hereto and incorporated herein).
[17] *See Schreffler*, Decision and Order at 5, 6, 9, 10 (rejecting the plaintiff's arguments as to the validity of the Third, Fourth and Fifth Assignment).
[18] *See id.*, Decision and Order at 6.

is of no legal effect.[19]

27. Following an attempted foreclosure sale of the Property, on January 27, 2014, Greenwich Investors brought a summary process eviction action against Schreffler in the Uxbridge District Court, which was subsequently removed to the Housing Court on February 27, 2014.

28. On July 16, 2014, the Housing Court issued its Decision and Order finding that Greenwich Investors lacked standing to foreclose as a result of, *inter alia*, the defective Assignments of Mortgage identified in Paragraphs 15, 17, 19, 21, 23 and 25 *supra*.[20]

29. On February 18, 2015, JPMorgan Chase Bank, N.A. successor by merger to Chase Home Finance, LLC s/b/m to Chase Manhattan Mortgage Corporation A/I/F For Argent Mortgage Company, LLC executed a Corrective Assignment of Mortgage, which was recorded with the Registry of Deeds in Book 32950, Page 70 ("Seventh Assignment") and purports to correct the Third Assignment by indicating that that the assignor identified therein was incorrect and that it was not meant to be confirmatory of a prior assignment of mortgage.[21]

30. The Seventh Assignment confirms the validity of the Third Assignment in all other respects.[22]

31. If the Seventh Assignment sufficiently corrects the defects in the Third Assignment, the Fourth and Fifth Assignments, which were previously held to be invalid as a result of the defects in the Third Assignment, would thereby likewise be valid under the doctrine of

---

[19] *See id.*, Decision and Order at 9.
[20] *See id.*, Decision and Order at 10.
[21] *See* Exhibit I (a true and correct copy of the Seventh Assignment is attached hereto and incorporated herein).
[22] *See* Exhibit I.

estoppel by deed.[23]

32. On May 28, 2015, Greenwich Investors XXXIV REO, LLC executed an Assignment of Mortgage transferring the Mortgage to Westvue NPL Trust, acting solely with respect to Series 2014-1, which was recorded with the Registry of Deeds in Book 33705, Page 48 ("Eighth Assignment").[24]

33. On August 7, 2015, Westvue NPL Trust, Acting Solely with Respect to Series 2014-1 executed an Assignment of Mortgage transferring the Mortgage to Westvue NPL Trust II, which was recorded with the Registry of Deeds in Book 33705, Page 50 ("Ninth Assignment").[25]

34. On October 20, 2015, Westvue NPL Trust II executed an Assignment of Mortgage transferring the Mortgage to Westvue Property I, LLC, which was recorded with the Registry of Deeds in Book 33705, Page 52 ("Tenth Assignment").[26]

35. Stonecrest acquired the Schreffler Mortgage Loan on March 23, 2021.

36. On April 13, 2021, Westvue Property I, LLC executed an Assignment of Mortgage transferring the Mortgage to Stonecrest, which was recorded with the Registry of Deeds in Book 39410, Page 19 ("Eleventh Assignment").[27]

37. In an attempt to resolve any question as to the validity of the Third, Fourth and Fifth Assignments, Stonecrest attempted to obtain an Assignment of the Mortgage directly from Argent, or its successor in interest, through Document Research, LLC, which is an

---

[23] *See Dalessio v. Baggia*, 57 Mass.App.Ct. 468, 783 N.E.2d 890, 891 (2003)("Estoppel by deed occurs when . . . a grantor conveys property by deed which, unknown to the grantee, the grantor does not own at the time of the conveyance, but which the grantor later acquires. In such a case, the grantor (and anyone claiming under him) is estopped from asserting against the grantee a claim of title to the property conveyed.")(alteration in original)(quoting *Zayka v. Giambro*, 32 Mass.App.Ct. 748, 594 N.E.2d 894, 896 (1992)).
[24] *See* Exhibit J (a true and correct copy of the Eighth Assignment is attached hereto and incorporated herein).
[25] *See* Exhibit K (a true and correct copy of the Ninth Assignment is attached hereto and incorporated herein).
[26] *See* Exhibit L (a true and correct copy of the Tenth Assignment is attached hereto and incorporated herein).
[27] *See* Exhibit M (a true and correct copy of the Eleventh Assignment is attached hereto and incorporated herein).

independent company that specializes in locating individuals or entities with signing authority for defunct corporations; however, Document Research was unable to locate any individual or entity with signing authority for Argent or its successor in interest.

## COUNT I
## DECLARATORY JUDGMENT

38. Stonecrest repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. The Housing Court previously determined that the Third, Fourth and Fifth Assignments were invalid.

40. The Seventh Assignment attempts to correct the defects in the Third Assignment by correcting the assignor identified therein and indicating that the Third Assignment was not meant to be confirmatory of a prior assignment of mortgage.[28]

41. If the Seventh Assignment is sufficient to correct the defects in the Third Assignment, the Fourth and Fifth Assignment would be valid and sufficient to transfer the Mortgage under the doctrine of estoppel by deed.[29]

42. So long as the Third, Fourth and Fifth Assignments are valid, the Eighth, Ninth, Tenth and Eleventh Assignments are likewise sufficient to transfer the Mortgage.

43. Collectively, the Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth and Eleventh Assignments represent the complete chain of Assignments of the Mortgage from Argent to Stonecrest.

44. As such, Stonecrest seeks a Declaratory Judgment, in recordable form, determining that it is the true and lawful holder and assignee of the Mortgage.

---

[28] *See* Exhibit I.
[29] *See Dalessio*, 783 N.E.2d at 891.

## COUNT II
## **EQUITABLE ORDER OF ASSIGNMENT**
### (Alternatively)

45. Stonecrest repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. If the Court should determine that the chain of Assignments of the Mortgage remains defective notwithstanding the Seventh Assignment's attempt to correct the defects in the Third Assignment, Stonecrest seeks alternative relief in the form of an Equitable Order assigning the Mortgage to Stonecrest.

47. In a title theory state such as Massachusetts,

> where a note has been assigned but there is no written assignment of the mortgage underlying the note, the assignment of the mortgage underlying the note . . . the holder of the mortgage holds the mortgage in trust for the purchaser of the note, who has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment.[30]

48. Here, Stonecrest acquired the subject Mortgage Loan on March 23, 2021.

49. Stonecrest is the holder and owner of the Note.[31]

50. Stonecrest attempted to obtain an Assignment of the Mortgage directly from Argent, or its successor in interest; however, it was unable to do so.

51. If the chain of Assignments of Mortgage remains defective, as the holder and owner of the Note, Stonecrest is entitled to an Equitable Order assigning the Mortgage from Argent to Stonecrest.[32]

52. As such, should the Court determine that the Seventh Assignment is insufficient to cure the defects in the Third, Fourth and Fifth Assignments, Stonecrest seeks an Equitable Order assigning the Mortgage from Argent to Stonecrest.

---

[30] *Ibanez*, 941 N.E.2d at 53-54.
[31] *See* Exhibit A.
[32] *See Ibanez*, 941 N.E.2d at 53-54.

WHEREFORE, Stonecrest requests that this Court:

1. Enter a Declaratory Judgment, in recordable form, determining that Stonecrest is the true and lawful holder and assignee of the Mortgage; or, alternatively,

2. Enter an Equitable Order assigning the Mortgage from Argent to Stonecrest; and

3. For such other and further relief as the Court deems just and equitable.

                                            Respectfully Submitted,

                                            Stonecrest Managers, Inc.
                                            By its attorneys,

Dated: May 5, 2022                      /s/Reneau J. Longoria_____
                                            Reneau J. Longoria, Esq. (BBO# 635118)
                                            Brian C. Linehan, Esq. (BBO #690437)
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center Suite 303C
                                            Beverly, MA 01915
                                            Tel. (978) 921-2670
                                            rjl@dgandl.com

Stonecrest Managers, Inc. v. Lisa K. Schreffler, et al.
25 Lemire Court, Bellingham, MA
DG&L File No. 56694                                     10

## VERIFICATION

STATE OF _CALIFORNIA_ )
COUNTY OF _SANTA CLARA_ )

I, ___S. L. Faber_____, being duly sworn, state:

I am a representative of Stonecrest Managers, Inc., the above-named Plaintiff in this action. I have read the Verified Complaint, reviewed the contents thereof, and do thereby state that the information stated is true to the best of my knowledge, except those matters therein which are stated to be alleged on information and belief.

By: _/s/ Hahn_____

its: ___Foreclosure Representative

---

State of _California_ )
County of _Santa Clara_ )

On this __12__ day of __July__ 2022, before me, the undersigned notary public, personally appeared ___S.L. Faber_____, who proved to me through satisfactory evidence of identification which was ___CA DL_____ to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

**See Attached**
Name: Paola M. Padilla
Notary Public
My Commission expires: 2/3/2025

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ____Santa Clara____)

On __July 12, 2022__ before me, __Paola M. Padilla, Notary Public__
(insert name and title of the officer)

personally appeared __S.L. Faber__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAOLA M. PADILLA
Notary Public - California
Santa Clara County
Commission # 2344920
My Comm. Expires Feb 3, 2025

Signature _____ (Seal)