UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STONECREST MANAGERS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>LISA K. SCHREFFLER and CITIGROUP, INC., AS SUCCESSOR-IN-INTEREST TO ARGENT MORTGAGE COMPANY, LLC,<br><br>*Defendants*. | No. 22-cv-11167-PGL |

## (CORRECTED) ORDER ON MOTION FOR APPEAL BOND

LEVENSON, U.S.M.J.

### INTRODUCTION

On November 6, 2025, Plaintiff Stonecrest Managers, Inc. ("Plaintiff") filed a Motion for Bond under the Rule 7 of the Federal Rules of Appellate Procedure. Docket No. 143. Plaintiff requests that the Court order Defendant Lisa Schreffler ("Defendant") to post a $55,375[1] bond to ensure the payment of Stonecrest's attorneys' fees and costs on appeal. *Id.* at 1. In addition, Plaintiff requests that the Court order Defendant to make use and occupancy payments to Plaintiff in the amount of $2,664.21 per month as a condition of her appeal. *Id.* On November 17,

---

[1] In the Motion for Appeal Bond (Docket No. 143), Plaintiff requests an appeal bond in the amount of $57,375. In the Memorandum of Law in Support of its Motion for Appeal Bond (Docket No. 144), Plaintiff requests an appeal bond in the amount of both $55,375 and $57,375 in different sections of the brief. Plaintiff's calculation based on 140 hours at $350 per hour for attorney time, 25 hours at $175 per hour for paralegal time, and $2,000 in printing costs comes to $55,375, thus I will use this total as the requested bond amount.

2025, Defendant filed an opposition to the Motion for Bond, arguing that attorney's fees are not allowed in a Rule 7 bond, that her appeal includes a new factual position, and that typos undermine the integrity of the motion. Docket No. 145 at 2–3.

For the reasons discussed below, Plaintiff's motion is allowed in part and denied in part. Specifically, I allow Plaintiff's motion only to the extent that it seeks a bond to cover printing costs and a modest allowance to reflect the prospect that an award of attorneys' fees may ultimately be appropriate in light of the apparently frivolous basis for the appeal.

**I.    Background**

The factual and procedural background of this case is discussed in detail in my order on the parties' cross motions for summary judgment. Docket No. 115 at 2–10. In summary, Defendant purchased her former husband's interest in their house at 25 Lemire Court, Bellingham, Massachusetts (the "property") in 2007, signing a note and a mortgage on the property to Argent Mortgage Company, LLC. *Id.* at 3–4. Defendant defaulted on her payments in 2008, and the note and the mortgage were repeatedly assigned and reassigned in subsequent years. *Id.* at 4. The parties' disputes about the effectiveness of those various assignments and reassignments were at the heart of this litigation. In 2021, Plaintiff acquired the note and later commenced the present lawsuit seeking judgment to establish claim to the mortgage. *See id.*; Docket No. 1 ¶ 36.

After nearly three years of contentious, motion-driven litigation, on December 12, 2024, I issued a written decision allowing Plaintiff's motion for summary judgment and directed Plaintiff to undertake a process of notifying potential claimants prior to applying for entry of judgment. *See* Docket No. 115 at 24, 45. Following completion of that notification process, the Court entered Judgment and an Equitable Order of Assignment on May 27, 2025. Docket Nos. 125, 129. Defendant was represented by counsel throughout the pendency of her case, but

Defendant's counsel withdrew on June 24, 2025, approximately four weeks after the entry of judgment. Docket No. 128. Defendant proceeded pro se thereafter. *See* Docket Nos. 131, 132.

There is nothing in the record to suggest that Defendant was stranded by a last-minute withdrawal by her counsel. On the contrary, the motion to withdraw is accompanied by a letter, signed by Defendant herself, which recites: "In speaking with you, I acknowledge and understand . . . that I have thirty (30) days from the entry of judgment, that is June 28, 2025 to file a timely notice of appeal pursuant to Fed. R. App. P. Rule 4." Docket No. 128 at 3 (Letter of Lisa Kim Schreffler, dated June 23, 2025).[2]

No timely notice of appeal was filed following entry of judgment.

On August 19, 2025, Defendant filed a motion for relief under Federal Rule of Civil Procedure 60(b), requesting relief, but not clarifying the grounds for such relief, and requesting that the Court review "the full scope of conduct" of the loan assignees. *See* Docket No. 134 at 1–3. I denied that motion, citing Defendant's failure to identify any new factual material and Defendant's failure to make a showing of a meritorious defense. Docket No. 137 at 3. On September 26, 2025, Defendant filed a timely Notice of Appeal to the First Circuit Court of Appeals—timely, that is, with respect to any available appellate review of my order denying Defendants Rule 60(b) motion for relief from the judgment. Docket No. 139. On November 6, 2025, Plaintiff filed the present Motion for Bond (Docket No. 143, 144), and on November 17, 2025, Defendant filed her opposition (Docket No. 145).

---

[2] The letter appears to reflect a mistaken computation of the time for filing a notice of appeal (the Judgment in this case was entered on May 27, not May 29). That two-day discrepancy is not material to the present matter.

3

**II.     Legal Standard**

Rule 7 of the Federal Rules of Appellate Procedure allows the district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "Costs on appeal" refer to "costs which 'the appellee stands to have reimbursed' should he prevail on appeal." *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254 (10th Cir. 2014) (citing *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998)). In the First Circuit, "[a] Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them." *Muehe v. City of Boston*, 340 F.R.D. 229, 231 (D. Mass. 2022) (quoting *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x. 6, 17 (1st Cir. 2011)).

"While a notice of an appeal ordinarily divests a district court of jurisdiction and confers it on the court of appeal . . . district courts retain jurisdiction to issue orders regarding bonds." *Securities Indus. Ass'n v. Bd. of Governors of Fed. Reserve System*, 628 F. Supp. 1438, 1440 (D.D.C. 1986). "The determination of the nature and amount of the bond is a matter left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (citing *Westinghouse Credit Corp. v. Bader & Dufty*, 627 F.2d 221, 224 (10th Cir. 1980)).

**III.    Analysis**

Plaintiff seeks a hefty appeal bond—$55,375—as security for payment of the attorneys' fees and costs that Plaintiff asserts it will incur to defend against Defendant's appeal.

### A.     *It is Doubtful Whether the Underlying Contract Provides a Viable Basis for Recovering Attorneys' Fees (Fee Shifting)*

As an initial matter, Plaintiff cites no fee-shifting provision in any applicable statute in its demand for attorneys' fees. Plaintiff contends that the loan agreement that Schreffler signed in

4

2007 controls, and that under the terms of that agreement, Plaintiff is entitled to recover costs incurred protect its rights and interest in the property. Docket No. 144 at 9.

Plaintiff has not demonstrated that the 2007 loan agreement would serve to shift the fees such that they would necessarily—or even likely—be recoverable by Plaintiff. In the eighteen years since their inception, the note and the mortgage have been assigned multiple times in a hopelessly haphazard manner. Moreover, Defendant has completed personal bankruptcy proceedings. *See* Docket Nos. 115 at 5; 134-24. While the mortgage itself was not extinguished and was equitably assigned by virtue of the entry of judgment in May of 2025, it is doubtful whether the various terms of the original loan agreement—apart from the conveyance of a mortgage—remain in force. On the contrary, it seems likely that Defendant's *personal* obligations (as opposed to the mortgage, which is an encumbrance on real property) would have been discharged in her personal bankruptcy.

In short, there is nothing in the record to suggest that any generalized contractual provision will permit recovery of attorneys' fees.

### B.     *Frivolous Appeal*

The First Circuit has ruled that attorneys' fees may be included in an appeal bond if the district court determines that "the appeal might be frivolous and that an award of sanctions against plaintiff on appeal [is] a real possibility." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). Thus, as a second basis for including attorneys' fees in the bond calculation, Plaintiff argues that Defendant's appeal is frivolous, and that Plaintiff can reasonably expect to be awarded attorneys' fees on appeal.

There are good reasons to doubt the merits of Defendant's appeal. As noted in the September 2, 2025, denial of Defendant's Motion for Post-Judgment Relief, "[t]here is no indication in Defendant's present motion that she has anything new to raise, let alone that she

5

was prevented from raising pertinent factual and legal contentions in a timely fashion." Docket No. 137 at 4.

Given that there was no timely appeal from the Judgment itself, the only question for the Court of Appeals appears to be whether the denial of Defendant's Rule 60(b) motion was an abuse of discretion. As the First Circuit has noted, the appellate court's inquiry "is confined to the supportability of the district court's denial of the motion for relief from judgment." *Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 37 (1st Cir. 2013). Given that relief under Rule 60(b) is itself an extraordinary and rare event, appellate reversal is a long shot:

> Familiar principles guide this inquiry: "relief under Rule 60(b) is extraordinary in nature and [ ] motions invoking that rule should be granted sparingly." [*Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002).] Finality is an important element in the judicial process, and setting aside a final judgment requires more than the frenzied brandishing of a cardboard sword. Such a motion must satisfy a special set of criteria; it is not enough merely to cast doubt on the soundness of the underlying judgment. *See Fisher v. Kadant, Inc.,* 589 F.3d 505, 512 (1st Cir.2009).

*Id.* at 37.

In other words, whatever may be the merits of my rulings in this case, there remains only the remote prospect that the Court of Appeals may find an abuse of my discretion under Rule 60(b). Under these circumstances, I find that the appeal bears "the indicia of frivolousness," and that it makes sense to include some allowance for a potential award of attorneys' fees in the bond.

While some bond is appropriate, the dollar amount that Plaintiff requests is grossly excessive.

First, Plaintiff's estimate of its future outlays for attorneys' fees appears overstated. Given the narrow scope of an appeal from the denial of a Rule 60(b) motion, Plaintiff's comparisons with unrelated (merits-based) appeals in the First Circuit are misplaced. The

attorneys' fees for defending an appeal from the denial of a Rule 60(b) motion should be a fraction of the anticipated cost of defending an appeal on the merits.

Second, although Defendant has not proffered any information about her finances, it seems likely that requiring an individual to post a bond in excess of $50,000 as a precondition for pursuing her appellate rights could unduly chill her pursuit of her appellate rights. As the Ninth Circuit has cautioned "[a]llowing district courts to impose high Rule 7 bonds on where the appeals *might* be found frivolous risks 'impermissibly encumber[ing]' appellants' right to appeal. . . ." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) (quoting *In re Am. President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985)).

An appeal bond is appropriate, but it should be an order of magnitude smaller than what Plaintiff proposes.

I conclude that a bond of $5,000 is appropriate here. There should be some limitation—even if modest—on a party's pursuit of frivolous and time-consuming litigation. This reflects Plaintiff's estimate of $2,000 in printing costs, which seems plausible, and a token sum of $3,000 for a possible award of attorneys' fees. Given that fee awards for frivolous appeals are relatively rare and given that Plaintiff's initial estimate feels like an over-reach, such a token sum is sufficient is serve the purpose of requiring a party (in this case Defendant) to consider seriously whether there is a good-faith basis for appeal.

### C. *Use and Occupancy*

Plaintiff notes that it has paid $23,062.01 towards insurance and real estate taxes since acquiring Defendant's loan and argues that Defendant's non-payment has imposed a significant burden on Plaintiff with regard to its carrying costs. But the Court is not aware of any authority for ordering Defendant to make use and occupancy payments as a condition of her appeal, and Plaintiff has not pointed to any. Accordingly, this portion of Plaintiff's motion is denied.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion for an appeal bond is ALLOWED in part and DENIED in part. Defendant is ordered to post an appeal bond in the amount of $5,000. The request for an order requiring Defendant to make use and occupancy payments pending her appeal is DENIED.

/s/ Paul G. Levenson<br>
Paul G. Levenson<br>
U.S. MAGISTRATE JUDGE

Dated: November 26, 2025/corrected December 5, 2025